COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Beales
Argued at Alexandria, Virginia


JEFFREY M. FADNESS

                                                              OPINION BY
v.        Record No. 0231-08-4                    JUDGE ROBERT J. HUMPHREYS
                                                          NOVEMBER 4, 2008
LYNETTE T. FADNESS


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Stanley P. Klein, Judge

            Elaine M. Vadas (Ruth O. Katz; Grenadier, Anderson, Starace &
            Duffett, P.C., on briefs), for appellant.

            David J. McClure (McClure & Bruggemann, P.C., on brief), for
            appellee.


        Jeffrey M. Fadness ("husband"), appeals several issues relating to his divorce from

Lynette T. Fadness ("wife").  Husband argues that the Circuit Court of Fairfax County (circuit

court) committed reversible error by (1) failing to grant him a divorce on the grounds of cruelty

or desertion, (2) awarding each party an improper percentage of the marital property, (3) holding

that wife sufficiently requested spousal support in her complaint, and by holding that wife

provided evidence sufficient to support the court's award of spousal support, (4) refusing to

award him attorney's fees, and (5) improperly calculating and distributing the proceeds of the

sale of the couple's Maryland home.

        Wife cross-appeals, arguing that the circuit court committed reversible error by

(1) misallocating the couple's tax liability and denying wife the opportunity to pursue innocent

spouse protection, (2) awarding an inadequate amount of spousal support and delaying spousal

support payments, (3) miscalculating the value of the couple's business, (4) awarding wife less

than 50% of the marital assets, (5) failing to award attorney's fees to wife, and (6) refusing to allow additional time for discovery following wife's decision to change counsel.

## I. BACKGROUND

The parties to this appeal have submitted a 19-volume joint appendix containing more than 6,000 pages. Therefore, for the sake of both brevity and clarity, we will discuss the facts pertinent to resolving the various issues in this case as they are relevant to the analysis of the respective issues on appeal. However, there are a few facts and procedural points to note initially by way of background.

Husband and wife were married on June 20, 1980. Their marriage produced three children, all of whom were emancipated by the time of this case. On February 28, 2006, the circuit court entered an order entitled "Final Decree of Divorce." However, the order did not resolve all of the issues surrounding the divorce. Husband appealed the February 2006 order, believing it to be a final order. A three-judge panel of this Court dismissed the appeal, holding that the order was not final because several issues still remained unresolved, including the distribution of the couple's personal property. See Fadness v. Fadness, No. 0766-06-4 (Va. Ct. App. Sept. 4, 2007).

On remand, the circuit court addressed the remaining issues and resolved them in an order dated December 28, 2007. Husband and wife now appeal from the judgment embodied in that order.

## II. ANALYSIS

### A. Grounds for Divorce

The circuit court granted wife a divorce on the grounds of living separate and apart for more than one year. Husband argues that the court abused its discretion by refusing to grant him a divorce on the grounds of cruelty or desertion. Husband claims that he presented sufficient

evidence to corroborate the granting of a divorce on those grounds. However, even if he did, he does not argue that the trial court had insufficient evidence to support a finding that the parties had lived separate and apart for over a year.[1] Therefore, even assuming that the record supports husband's argument, the trial court would simply have had two equally legitimate grounds for granting this divorce.

"'Where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'" Konefal v. Konefal, 18 Va. App. 612, 613-14, 446 S.E.2d 153, 154 (1994) (quoting Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 254 (1992)). Circuit courts are "not compelled 'to give precedence to one proven ground of divorce over another.'" Williams, 14 Va. App. at 219, 415 S.E.2d at 253 (quoting Robertson v. Robertson, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975)). Thus, because multiple grounds existed, the circuit court was free to choose between those grounds in granting the divorce, and did not abuse its discretion by granting the divorce on the grounds of living separate and apart for more than one year where, as here, that ground was supported by the evidence.

## B. Equitable Distribution

Husband next appeals the circuit court's distribution of the couple's marital property. He claims that the circuit court should have awarded him a greater percentage of the marital property because he believes that wife's conduct was the sole cause of the dissolution of the marriage. He argues that the circuit court failed to sufficiently consider the circumstances surrounding the dissolution of the marriage in determining equitable distribution.

---

[1] Specifically, the circuit court found that the parties had lived separate and apart since February 18, 2004, well over one year prior to the granting of the divorce in December 2007.

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990).

> "Unless it appears from the record that the [circuit court] has abused [its] discretion, that [it] has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [its] resolution of the conflict in the equities, the [circuit court's] equitable distribution award will not be reversed on appeal."

Keyser v. Keyser, 7 Va. App. 405, 410, 374 S.E.2d 698, 701 (1988) (quoting Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987)).

In determining the equitable distribution of marital property, "[t]he function of the [circuit court] is to arrive at a fair and equitable monetary award based on the equities and the rights and interests of each party in the marital property." Mitchell v. Mitchell, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987). In doing so, the circuit court is required to consider the factors set forth in Code § 20-107.3(E).

> The requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors. This does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented.

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

Here, the circuit court awarded husband a slightly *larger* portion of the marital property. Specifically, the court awarded husband between 52 and 55% of each item of marital property. Despite receiving the larger portion of the property, husband argues that the court did not award him as much as he deserved. Husband contends that the court erred in the weight that it gave each of the Code § 20-107.3 factors and specifically claims that the court failed to give sufficient

- 4 -

weight to his argument that wife was the sole cause of the dissolution of the marriage. However, husband points to no error, either factual or legal, in the circuit court's application of the statutory factors. He merely argues that the court should have weighed the factors differently, and awarded him an even larger portion of the equitable distribution.

As stated above, a circuit court has broad discretion in determining equitable distribution. It is not up to us, sitting as an appellate court, to reweigh evidence against the statutory factors. The General Assembly has given circuit courts the discretion to determine the equitable distribution of marital assets in connection with a divorce. Its discretion is limited only in that the circuit court must consider all of the factors in Code § 20-107.3(E). Thus, requesting this Court to simply substitute our judgment of the evidence for that of the trial court is an inappropriate and singularly ineffective appellate argument. If the circuit court considers all the factors and bases its findings on credible evidence, we will not disturb its decision on appeal.

Here, the circuit court stated that it considered all of the factors prior to announcing its ruling. It specifically identified several of the factors that it considered most relevant and explained its findings related to those factors. Husband does not dispute those findings as unsupported by the evidence, and, thus, we must affirm the decision of the circuit court in that regard.

## C. Spousal Support

Husband makes two arguments on appeal in regard to spousal support. First, he claims that the circuit court erred in holding that wife's complaint sufficiently requested spousal support. Second, he argues that, if spousal support was properly pled, the evidence was insufficient to justify an award of spousal support.

Wife also appeals the issue of spousal support. She claims that the circuit court erred by awarding her too little in support, and by declining to make the award retroactive to the date of the filing of her complaint. We address each party's argument in turn.

## 1. Sufficiency of Wife's Complaint

"Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed." Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986). "Pleadings are as essential as proof, the one being unavailing without the other. A decree can not be entered in the absence of pleadings upon which to found the same, and if so entered it is void." Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935). In divorce cases, "the absence of a specific request for an adjudication of spousal support [precludes courts] from obtaining jurisdiction over that subject matter." Reid v. Reid, 24 Va. App. 146, 150, 480 S.E.2d 771, 773 (1997).

In her complaint, wife stated:

> Complainant prays for the following relief:
>
> \* \* \* \* \* \* \*
>
> 2. That she be awarded a periodic or lump sum monetary award from the Defendant.
>
> \* \* \* \* \* \* \*
>
> 4. That upon entry of a Final Decree herein this Court determine legal title, ownership and value of all real and personal property between the parties, and based upon the equities in the marital property of the parties as set forth in § 20-107.3 . . . to grant a monetary award to your Complainant . . . in accordance with said statute . . . .
>
> \* \* \* \* \* \* \*
>
> 6. That Complainant be awarded all her attorney fees and costs expended throughout this effort . . . .

- 6 -

7. That the Complainant be awarded such other and further relief as this Court of Equity may deem fair and proper, or as the nature of this case may require.

Husband claims that wife's request for a "periodic or lump sum monetary award" is an insufficient request for spousal support. He claims that Boyd, 2 Va. App. 16, 340 S.E.2d 578, and Reid, 24 Va. App. 146, 480 S.E.2d 771, mandate that we hold that wife's request was insufficient as a matter of law. We disagree.

In both Boyd and Reid, we held requests for spousal support made in the pleadings to be insufficient. In Boyd, the pleading in question "contained no specific request for spousal support or maintenance, but did include a general prayer 'for such other and further relief as to equity may seem meet and the nature of her case may require.'" Boyd, 2 Va. App. at 18, 340 S.E.2d at 579. We held that such a "general prayer" for "further relief" was not a sufficient request for spousal support. Id. at 19, 340 S.E.2d at 580. Similarly, in Reid, we held that a "vague prayer that the court 'decree that the plaintiff and defendant be perpetually protected in their persons and property' was insufficient to raise the issue" of spousal support. Reid, 24 Va. App. at 150, 480 S.E.2d at 773. In both cases, we held that "the absence of a *specific request* for an adjudication of spousal support precluded the court from obtaining jurisdiction over that subject matter." Id. (emphasis added); see also, Boyd, 2 Va. App. at 19, 340 S.E.2d at 580.

Wife's request in this case is more specific than the requests we found inadequate in Boyd and Reid. In addition to a "general prayer" for "further relief," wife made a specific request for "a periodic or lump sum monetary award from the Defendant." Although not specifically labeled as such, in the context of her complaint it is clear that wife's request was one for spousal support. In the context of a divorce, monetary awards may only be granted in one of four contexts, spousal support, child support, equitable distribution, and attorney's fees. Separate and distinct from her request for "a periodic or lump sum monetary award," wife also

- 7 -

separately requested that she receive a monetary award pursuant to Code § 20-107.3, the

equitable distribution statute, and that she be awarded attorney fees. Child support was not an

issue in the divorce because all of the couple's children were emancipated. Thus in context, it is

clear that wife's request could not have been a request for equitable distribution, attorney's fees,

or child support. The only other possible conclusion is that it was a request for spousal support.

Moreover, the "fundamental purpose of pleadings" is "to inform[] the opposite party of

the true nature of the claim or defense." Ford Motor Co. v. Benitez, 273 Va. 242, 252, 639

S.E.2d 203, 207 (2007). The circuit court found that wife's request for "a periodic or lump sum

monetary award" clearly "put [husband] on sufficient notice that an award of spousal support can

be granted." We agree with the trial court, and hold that wife's request was sufficient to put

husband on notice, and sufficient to support an award of spousal support.

## 2. Amount of Spousal Support

Both husband and wife appeal the circuit court's determination of the amount of spousal

support. Husband claims that wife failed to provide an evidentiary basis for the trial court to

award spousal support, and, in the alternative, that the court awarded wife too much spousal

support. Wife argues that the court did not give her enough spousal support.

A circuit court has "broad discretion in setting spousal support and its determination 'will

not be disturbed except for a clear abuse of discretion.'" Brooks v. Brooks, 27 Va. App. 314,

317, 498 S.E.2d 461, 463 (1998) (quoting Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d

363, 367 (1986)). "In exercising its discretion, the [circuit] court must consider all the factors

enumerated in Code § 20-107.1(E) when fashioning its award." Miller v. Cox, 44 Va. App. 674,

679, 607 S.E.2d 126, 128 (2005); see Code § 20-107.1(F) (requiring that "any order granting,

reserving or denying a request for spousal support shall be accompanied by written findings and

conclusions of the court identifying the factors in [Code § 20-107.1(E)] which support the

court's order"). "When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).

Initially, husband claims that wife failed to present sufficient evidence for the circuit court to make an award of spousal support. We disagree. It is true that the burden of producing evidence from which a trial court can make its award of spousal support falls on the party seeking it. See Bowers v. Bowers, 4 Va. App. 610, 359 S.E.2d 546 (1987). However, it is clear that wife met that burden. Among other things, wife testified extensively, over two days, regarding her need for support based on her health and her financial status. She also provided the court an expense sheet detailing her monthly income and expenditures. Apart from all of the additional evidence she produced, her testimony and expense sheet were sufficient to prove a prima facie need for support.

Both husband and wife claim that the circuit court awarded an improper amount of spousal support. However, neither party is able to demonstrate that the circuit court abused its discretion. In their briefs, both parties list the Code § 20-107.1 factors and essentially re-argue the evidence related to each factor. Neither party points to any *legal* mistake by the trial court, but merely argues that it should have weighed the evidence differently than it did. That is not a proper appellate argument. "[A]s long as the trial court considers all the factors, it is at the court's discretion to determine what weight to give each factor when making the equitable distribution award." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 526, 458 S.E.2d 323, 325

(1995).  The circuit court considered the statutory factors and provided the reasoning and the factual basis for its award.  We will not second-guess its determination on appeal.[2]

### D.  Distribution of the Proceeds of the Maryland Home

Husband claims that the circuit court improperly distributed the proceeds of the Maryland home.  He claims that the circuit court distributed the proceeds in the December 2007 order differently than it had initially ordered in the "Final Decree of Divorce" in February 2006.  Husband argues that, in doing so, the circuit court improperly modified a final decree of divorce more than 21 days after its entry.  See Rule 1:1; Hastie v. Hastie, 29 Va. App. 776, 780, 514 S.E.2d 800, 803 (1999).  However, husband's argument completely ignores our earlier decision that the February 2006 order *was not a final order*.  See Fadness v. Fadness, No. 0766-06-4 (Va. Ct. App. Sept. 4, 2007).  Husband provides no legal basis as to why it would be incorrect for the circuit court to deviate from or modify an order that was not final.  Thus, we find his argument both ill-conceived and unpersuasive.

### E.  Attorney's Fees

Both husband and wife appeal the circuit court's refusal to award attorney's fees.  In the proceedings below, both parties moved the circuit court to grant them attorney's fees and costs associated with this litigation.  The circuit court held lengthy hearings over two days on the issue of attorney's fees.  In issuing its ruling, the circuit court described the parties' actions in the case, as follows:

---

[2] Husband also briefly argues that the circuit court abused its discretion by refusing to reconsider its award of spousal support after finalizing the equitable distribution.  However, as counsel for husband conceded at oral argument, he made no objection below, and, thus, we are barred from reviewing that issue on appeal.  See Rule 5A:18.

Hollywood had its War of the Roses, and Fairfax County has had its war, and continues unfortunately to have its war, of the Fadness's.[3]

. . . Each has attempted to affix virtually all, if not all of the blame on the other spouse. And the attorney's fees that have been incurred in this case are significantly greater than they should have been.

But the reason, the major reason, maybe not the only reason, but the major reason that [the attorney's fees are greater than they should be] is because [wife] has made the decisions that she has made.

The court went on to explain that, although he found that wife was primarily to blame for the additional attorney's fees, husband bore some of the blame as well. The court concluded,

[W]hen the Maryland property sells, they will have more than sufficient funds to pay their own attorneys, and I do not believe that it would be equitable at all to award either of these parties attorney fees in light of all of the circumstances of the case.

However, because it found that wife was the primary cause of the additional fees, the court ordered that wife be responsible for two-thirds of the cost of the commissioner and the transcripts, while husband would only be responsible for one-third.

Both parties believe that the trial court abused its discretion by refusing to award them attorney's fees. We disagree.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "The key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1

---

[3] After exhausting immersion in the 19-volume joint appendix filed in this case, we are entirely sympathetic to the frustration implicit in this observation. In context, the trial court was apparently referring to the 1989 movie by that name about a divorcing couple, single-mindedly determined to inflict as much misery as possible on each other. Hopefully the analogy ends there, because the phrase also describes the English dynastic contest between the Houses of York and Lancaster, which we note with dismay, spanned some 30 years (1455-1485).

- 11 -

Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). The circuit court clearly considered all of the

evidence in the case and based its decision on the actions of the parties throughout the litigation.

In light of all that has taken place in this case, there is nothing unreasonable about the court's

modest award of costs to husband, or its refusal to award attorney's fees to either party.[4]

### F. Issues Not Addressed Because of Rule 5A:20

Both husband and wife present multiple other arguments in their respective briefs without

providing any legal authority to support their positions. Husband provides no legal support for

his allegations that the circuit court improperly increased the price of the Maryland home, or that

the court improperly deducted $71,500 from husband's proceeds from the home. Likewise, wife

provides no authority for her allegations that the trial court erred in allocating the couple's tax

liability, valuing the couple's business, failing to allow additional time for discovery, failing to

make husband's support obligations retroactive, or determining wife's percentage of the

equitable distribution.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law,

the argument, and the authorities relating to each question presented.' Unsupported assertions of

---

[4] Wife argues that the circuit court was required to award her attorney's fees and costs pursuant to Thomas v. Thomas, 217 Va. 502, 505, 229 S.E.2d 887, 890 (1976). In Thomas, the Supreme Court held: "where, as here, the trial court finds the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of that discretion." However, wife's reliance on Thomas ignores our subsequent decision in Artis v. Artis, 4 Va. App. 132, 354 S.E.2d 812 (1987). In Artis, we explained:

> We do not believe that the court in Thomas intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney's fees. An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case. See Rowand v. Rowand, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974).

Artis, 4 Va. App. at 138, 354 S.E.2d at 815.

error 'do not merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal."

Id. at 734-35, 660 S.E.2d at 345 (quoting People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989) (internal citations omitted)). "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

The parties in this case have spent hundreds of thousands of dollars on attorney's fees, and years in protracted litigation. The massive 6,000 page joint appendix spans 19 separate volumes. The joint appendix's table of contents alone is 66 pages long, but was of little use in providing guidance to relevant portions of the record. Despite the willingness of the attorneys in this case to file motion after motion in the trial court, they were apparently unwilling to expend the effort required to research several of the issues that they raise in this appeal, thereby preventing them from advancing the interests of their clients by making logical arguments based on legal authority. The "throw everything at the wall and hope something sticks" approach utilized in this appeal is as unappreciated as it is ineffective. If the parties were unable to find legal support for any of their eleven questions presented, or their numerous sub-questions, they should not have included those questions presented in their brief.

Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention. Because the parties failed to do so, and because that failure is significant, they have waived their right to have these issues reviewed by this Court. See Moore v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Oct. 31, 2008); Parks, 52 Va. App. at 664, 666 S.E.2d at 548.

## III. CONCLUSION

For the foregoing reasons, we hold that neither party has demonstrated that the circuit court committed reversible error. Thus, we affirm its judgment.

Affirmed.