COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Retired Judge Hodges*


SAID S. SALAH

MEMORANDUM OPINION**

v.      Record Nos. 1086-08-4 and 1577-08-4          PER CURIAM
                                                      MAY 19, 2009

COMMONWEALTH OF VIRGINIA,
   DEPARTMENT OF SOCIAL SERVICES,
   DIVISION OF CHILD SUPPORT
   ENFORCEMENT, *ex rel.*
   SHEREEN JAOUNI


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Jr., Judge

(Said S. Salah, *pro se*, on briefs).

No brief for appellee.


Said S. Salah appeals the trial court's rulings regarding an award of attorney's fees,

dismissal of rules to show cause, and calculation of child support and arrears. Salah argues that the

trial court erred by (1) refusing to hear a rule to show cause brought by Salah and issued by the

court; (2) refusing to adjudicate and rule upon matters, including visitation violations by Jaouni,

brought during trial; (3) improperly awarding attorney's fees; (4) awarding attorney's fees on

matters not yet adjudicated by the trial court; (5) abusing its discretion in awarding attorney's fees;

(6) making factual and procedural errors by delaying and continuing hearings for an unreasonable

amount of time and then awarding attorney fees and child support that were incurred as a result of

the delays and continuances; (7) including day care costs that were never incurred in the arrears

---

* Retired Judge Hodges took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

calculation; (8) not giving Salah a credit for his child support obligation for other children; (9) miscalculating the amount of arrears; and (10) not upholding the provisions of the final decree regarding child support since the parties agreed that Salah would not pay day care costs and that Jaouni would provide the health insurance coverage for the child. Upon reviewing the record and briefs of the parties, we conclude that these appeals are procedurally barred because Salah failed to comply with Rule 5A:20(e). Accordingly, we summarily affirm the decisions of the trial court.[1] See Rule 5A:27.

## BACKGROUND

On September 17, 2003, the parties divorced. Since that time, the parties have filed numerous motions and rules to show cause against each other. In 2006, the circuit court entered a child support order and several other orders and, in doing so, the court reserved attorney Claudia J. Zucker's request for fees.[2] Salah appealed the 2006 orders, all of which this Court dismissed.[3]

---

[1] On October 14, 2008, appellee filed a motion to dismiss this appeal on the grounds that appellant failed to comply with certain procedural requirements contained in the Rules of the Supreme Court of Virginia. We will not dismiss an appeal for non-jurisdictional defaults. See Jay v. Commonwealth, 275 Va. 510, 517-18, 659 S.E.2d 311, 315-16 (2008) (holding that the failure to comply with Rule 5A:20(e) is a non-jurisdictional defect and results in a waiver of the question presented and supporting argument and/or a denial of the appeal, but not a dismissal of the appeal). Thus, appellee's October 14, 2008 motion to dismiss is denied.

On March 30, 2009, appellant filed a motion to deny appellee's brief and/or request for extension for filing appellant's reply brief. On February 18, 2009, we issued an order denying appellee's motion to grant an extension of time to file her brief. We did not consider appellee's brief filed on March 12, 2009 in resolving the matters in this appeal. Accordingly, appellant's March 30, 2009 motion is denied as moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (holding that "mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'" (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969))).

[2] On September 29, 2006, the circuit court entered an order allowing Zucker to withdraw as counsel for Jaouni. On February 20, 2009, Zucker filed a brief in this appeal as an interested third party and prior counsel for appellee without filing a motion requesting consent from this Court to do so. Because Zucker failed to obtain this Court's consent to file her brief, we did not consider her brief in resolving the matters in this appeal.

[3] See Record Nos. 1580-06-4, 2355-06-4, 2356-06-4, and 2357-06-4.

After the dismissals by this Court, the trial court heard Zucker's request for an award of attorney's fees. On February 6, 2008, the trial court heard testimony and evidence on the issue of attorney's fees. The trial court awarded $12,000 in attorney's fees, and Salah appealed the order.

On May 19, 2008, the trial court heard the child support matters and entered an order on June 11, 2008, whereby child support was calculated based on three periods. From September 1, 2006 through August 31, 2007, the child support amount was $1,671 per month. From September 1, 2007 through April 30, 2008, the child support amount was $1,390 per month. Beginning May 1, 2008, the child support amount was $1,361 per month. The differences in the child support amount were based on changes in the parties' income and day care costs. The trial court did not give a credit to Salah for his other two children because "to do so would impair [Jaouni's] ability to provide necessities." Salah appealed the order.

ANALYSIS

In his briefs, Salah fails to provide any legal authority to support his assertions. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Salah did not comply with Rule 5A:20(e) because his opening briefs do not contain any principles of law, or citation to legal authorities (aside from two references to Rule 1:1) or the record to fully develop his arguments.

Salah has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988)

(*en banc*).  "Even *pro se* litigants must comply with the rules of court."  Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that Salah's failure to comply with Rule 5A:20(e) is significant, and we will not consider these issues.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Therefore, we affirm the trial court's rulings.  See Rule 5A:27.

Affirmed.