COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


JOSEPH COLLEGE

                                                        MEMORANDUM OPINION*
v.      Record No. 2631-09-2                            PER CURIAM
                                                        JULY 20, 2010
PRINCE EDWARD COUNTY DEPARTMENT
  OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                                    Joel C. Cunningham, Judge

              (James C. Bell; Blessing & Bell, on brief), for appellant.

              (Jody Holyst Fariss; H. Evans Thomas, V, Guardian *ad litem* for the
              minor child, on brief), for appellee.


        Joseph College (father) appeals the trial court's ruling approving the initial foster care plan

for his child.  Father argues that the trial court erred in (1) finding that his child was subject to abuse

and/or neglect and (2) approving the initial foster care plan for his child submitted by the Prince

Edward County Department of Social Services (the Department).  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

                                         BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Father has a child who was born in August 2002. Prior to her removal, the child was sexually abused by her brother and her mother's fiancé. Father did not seek any mental health services for the child.

The Department had been involved with the family prior to the child's removal. The Department developed a safety plan for the child with father. Father was living with his girlfriend and four other children in a one-bedroom motel room. Upon several visits to the motel, the Department found the room to be filthy, and the children were dirty. The child was sent home from school on August 28, 2008 with head lice.

On September 10, 2008, the Department removed the child from the motel room because it was unsanitary. The room was filled with trash, it smelled, and contained roaches. The child was dirty, and her hair was matted. She was hungry because she had not eaten breakfast or dinner the previous night. When the child entered the Department's care, she was physically scrubbed and treated for lice. A dentist had to pull the child's two front teeth because they were rotten. She also required two crowns and had to have eleven teeth filled due to cavities.

The Department filed a petition requesting emergency removal because the child was abused or neglected and would be subjected to an imminent threat to life or health if the child remained in the custody of her father. The Prince Edward County Juvenile and Domestic Relations District Court (the J&DR court) approved the emergency removal.[1]

The Department followed up by filing an initial foster care plan. The Department wanted father to participate in and complete a psychological evaluation and follow through with the recommendations. The Department also required father to obtain and maintain appropriate and clean housing. Father was required to go to parenting classes, cooperate with the Department,

---

[1] The child was subsequently placed with her grandmother.

and regularly visit with the child. Father did not follow any of the Department's recommendations.

On November 19, 2008, the J&DR court approved the initial foster care plan and entered a protective order. Father appealed to the circuit court. After hearing evidence and argument, the trial court found that the child was abused and neglected and approved the initial foster care plan. The trial court entered orders regarding its rulings on November 19, 2009. Father timely noted his appeal.

ANALSYIS

I.

Father argues that the trial court erred in finding that the child was abused and neglected.

"Abused or neglected child" means any child:

1. Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions . . . ;

2. Whose parents or other person responsible for his care neglects or refuses to provide care necessary for his health . . . .

Code § 16.1-228.

"At the conclusion of the preliminary removal order hearing, the court shall determine whether the allegations of abuse or neglect have been proven by a preponderance of the evidence." Code § 16.1-252(G).

Father contends the Department's evidence failed to prove by a preponderance of the evidence that the child was abused and neglected. Father acknowledges that the motel room was dirty and that the child was dirty and had dental problems. However, he asserts that this

evidence did not rise to the level of the child being placed in such imminent harm that she had to be removed from his care.

The trial court noted the child's condition upon her removal from the home, i.e. her dirty skin and matted hair; the fact that she had not eaten breakfast or dinner the previous night; her poor dental hygiene; and the sexual abuse. The trial court held that the child "was neglected . . . and abused. The Court finds that her condition at the time that she was withdrawn from the motel by the Department of Social Services, that her little life, her young tender years was in imminent danger." The trial court concluded that the child was "better for" the Department's quick actions.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

There was sufficient evidence to prove, based on a preponderance of the evidence, that the child was abused and neglected. The living conditions were deplorable and unsanitary. The child was dirty and hungry, had lice, and had severe dental problems. The trial court did not err in making its finding.

II.

Father argues that the trial court erred in approving the initial foster care plan for the child. He contends he should have had the right to an independent psychological evaluation and to choose his own psychologist.[2] He asserts that a psychologist's report will not assist him in reuniting with his child.

_____

[2] The Department argued that father had an opportunity to select a psychologist to perform the evaluation, but father refused to do so.

Rule 5A:20(e) mandated that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Father did not comply with Rule 5A:20(e) because his opening brief did not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments that the trial court erred in approving the foster care plan, which included a provision that father have a psychological evaluation.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider his second question presented. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.