COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Beales and Senior Judge Annunziata


THOMAS LEE SOWERS

MEMORANDUM OPINION[*]
v.      Record No. 2339-10-3      PER CURIAM
MAY 10, 2011
KAREN S. WALKER


FROM THE CIRCUIT COURT OF THE CITY OF SALEM
James R. Swanson, Judge[1]

(Thomas Lee Sowers, *pro se*, on brief).

No brief for appellee or guardian *ad litem*.[2]


Thomas Lee Sowers appeals an order in which the trial court ruled that it did not have

jurisdiction to hear Sowers' motions pursuant to the Uniform Child Custody Jurisdiction and

Enforcement Act (UCCJEA). Sowers argues that the trial court erred by (1) initiating *ex parte*

communications with Karen S. Walker's counsel and the guardian *ad litem* and raising the issue of

jurisdiction for the first time during these communications; (2) holding that Virginia did not have

jurisdiction pursuant to Code § 20-146.12 to hear the matters of child custody and support; (3) not

addressing the child support motions pending before the trial court; (4) not stating that prior orders

for custody and support remain in full force and effect; (5) awarding attorney's fees and costs to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Swanson entered the final order; however, Judge Robert P. Doherty, Jr. heard the case and issued the rulings from the bench.

[2] On March 24, 2011, Diana M. Perkinson, guardian *ad litem* for the minor child, filed a motion for an extension of time to file a brief, which was due on March 1, 2011. Since we are today ruling in favor of the appellee's and the guardian *ad litem's* position by affirming the trial court, the guardian *ad litem's* said motion is essentially moot.

guardian *ad litem* without determining the obligation to each parent and each parent's ability to pay; and (6) denying Sowers' motion to show cause because Walker failed to give thirty days written notice of the child's move out of Virginia pursuant to Code § 20-124.5. Upon reviewing the record and Sowers' brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

## BACKGROUND

The parties have two children.[3] On March 31, 2008, the trial court ordered that the parties would have joint legal custody of the children, and each parent had physical custody of one child. On June 3, 2009, the trial court entered a child support order.

In 2010, Sowers and Walker each filed motions to amend custody and support for the minor child. Sowers lives in Charlotte, North Carolina, and Walker lives in Orlando, Florida. The minor child was living in North Carolina at the time of the hearing.

On July 26, 2010, the City of Salem Juvenile and Domestic Relations District Court (the JDR court) entered orders regarding custody and support, which were appealed to the trial court. On October 1, 2010, the trial court held that Virginia did not have jurisdiction pursuant to the UCCJEA to determine custody and support of the minor child. Further, the trial court ruled that the JDR court did not have authority to enter its July 26, 2010 orders, so they were void for lack of jurisdiction. The trial court entered an order reflecting its ruling on October 13, 2010, and this appeal followed.

---

[3] This appeal concerns only the younger child; the older child was no longer a minor at the time of the hearing.

ANALYSIS

Jurisdiction – Issue 2

Sowers argues that the trial court erred in ruling that it did not have jurisdiction pursuant to the UCCJEA.

In issuing its ruling, the trial court cited to Code §§ 20-146.12 and –146.13. Code § 20-146.13 concerns "Exclusive, continuing jurisdiction" and states:

> A. Except as otherwise provided in § 20-146.15, a court of this Commonwealth that has made a child custody determination consistent with § 20-146.12 or § 20-146.14 has exclusive, continuing jurisdiction as long as the child, the child's parents, or any person acting as a parent continue to live in this Commonwealth.
>
> B. A court of this Commonwealth that has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under § 20-146.12.

As the trial court noted, neither parent nor the child lives in the Commonwealth; therefore, subsection A does not apply.

With respect to subsection B, the trial court examined Code § 20-146.12 to determine if it would have jurisdiction. Code § 20-146.12 concerns "Initial child custody jurisdiction" and states:

> A. Except as otherwise provided in § 20-146.15, a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:
>
> 1. This Commonwealth is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;
>
> 2. A court of another state does not have jurisdiction under subdivision 1, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under § 20-146.18 or § 20-146.19, and

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence and (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training, and personal relationships;

3. All courts having jurisdiction under subdivision 1 or 2 have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under § 20-146.18 or § 20-146.19; or

4. No court of any other state would have jurisdiction under the criteria specified in subdivision 1, 2, or 3.

As the trial court correctly noted, it would not have jurisdiction for an initial child custody determination because neither the parents nor the child lives in Virginia and they have not lived in Virginia for years. Virginia is not the child's home state as defined by Code § 20-146.12.

Sowers asserts that Code § 20-146.15 allows Virginia to remain the child's home state. However, Code § 20-146.15 concerns "Temporary emergency jurisdiction," which does not apply in this situation because the child was not abandoned in Virginia or being abused.

Accordingly, the trial court did not err in ruling that it did not have jurisdiction to hear the matters pursuant to the UCCJEA.

### Rule 5A:18 – Issues 1, 3, 4, 5

Sowers argues that the trial court erred by (1) initiating *ex parte* communications with Walker's counsel and the guardian *ad litem* and raising the issue of jurisdiction for the first time during these communications; (4) not stating what, if any, prior orders for custody and support remain in full force and effect; and (5) awarding attorney's fees and costs to the guardian *ad litem* without specifying how the fees were to be paid, yet also holding that it did not have jurisdiction to hear the case.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.

The trial court waived Sowers' endorsement to the final order, but included his objections to the ruling that the trial court did not have jurisdiction to hear the matter pursuant to the UCCJEA and Sowers' objection to the denial of his motion for show cause.  Sowers did not file a motion to reconsider.  Therefore, the arguments relating to issues 1, 4, and 5 were not preserved pursuant to Rule 5A:18.

For his third assignment of error, Sowers argues that the trial court did not address the motions to modify child support and argues that the Uniform Interstate Family Support Act (UIFSA) controls the child support issue.  However, Sowers did not argue the applicability of UIFSA to the trial court.  We "will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel."  Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987).

### Rule 5A:20 – Issue 6

Sowers argues that the trial court erred by not providing the proper authority or reason for denying his motion to show cause because Walker did not give thirty days notice before moving the child out of Virginia.[4]  The trial court denied the motion because it did not have jurisdiction to hear it.

---

[4] In his brief, Sowers states that Walker moved the child out of Virginia in 2000.

Sowers asserts that the trial court abused its discretion in denying the motion because the parties' final decree of divorce "specified that thirty (30) days prior notice be given to the JDR before moving the child out of the Commonwealth."

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Sowers did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments for his sixth assignment of error. Sowers has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that Sowers' failure to comply with Rule 5A:20(e) is significant, so we will not consider the sixth assignment of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.