COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


DEVON TURNER

                                                        MEMORANDUM OPINION*
v.      Record No. 2605-11-1                                PER CURIAM
                                                            JUNE 26, 2012
CITY OF HAMPTON DEPARTMENT
 OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                           Wilford Taylor, Jr., Judge

          (Christina E. James; Kevin P. Shea & Associate, on brief), for
          appellant.  Appellant submitting on brief.

          (Everett L. Bensten, Assistant City Attorney; Douglas J. Walter,
          Guardian *ad litem* for the minor children, on brief), for appellee.
          Appellee and Guardian *ad litem* submitting on brief.


        On November 30, 2011, the trial court entered a permanency planning order placing custody

of the minor children of Devon Turner, mother, with the maternal grandparents of the children and

terminating the custody rights of mother.  On appeal, mother argues the trial court erred in

transferring custody of the children.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we affirm the decision of the trial court.

        Mother did not comply with Rule 5A:20(e) because her opening brief does not contain any

principles of law or citation to legal authorities to fully develop her argument that the trial court

erred.  Rule 5A:20(e) mandates that an appellant's opening brief shall contain "the argument

(including principles of law and authorities) relating to each assignment of error."  "'Statements

unsupported by argument, authority, or citations to the record do not permit appellate

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

consideration.'" <u>Parks v. Parks</u>, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting <u>Cirrito v. Cirrito</u>, 44 Va. App. 287, 302 n.7, 605 S.E.2d 268, 275 n.7 (2004)).

Mother has the burden of showing that reversible error was committed. <u>See</u> <u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). The Supreme Court has concluded "that when a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" <u>Parks</u>, 52 Va. App. at 664, 666 S.E.2d at 548 (quoting <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)). We find mother's failure to comply with Rule 5A:20(e) is significant, therefore, we will not consider her assignment of error. <u>See</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to [the Court of Appeals] with legal authority to support their contention.").

For the foregoing reason, the trial court's ruling is affirmed.

<u>Affirmed.</u>