COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, AtLee and Senior Judge Clements

DEBORA GOAD

v.      Record No. 1027-16-3

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 27, 2016

EASTMAN CHEMICAL AND
  ACE AMERICAN INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Debora Goad, *pro se*, on briefs).

(James A. L. Daniel; T. Brent Gammon; Daniel, Medley & Kirby,
P.C., on brief), for appellees.

Debora Goad appeals a decision of the Workers' Compensation Commission finding that

she did not prove compensable injuries by accident, she failed to give timely notice to her

employer and failed to prove reasonable justification for her failure, and there was no causal

connection between her injuries and the alleged accidents. Goad argues that the Commission

erred in affirming the deputy commissioner's opinion that Angel Clements' testimony was

credible and that Goad's injuries were not work-related and caused by Debra Hodge.

We find that Goad's opening brief does not comply with Rule 5A:20(e), which mandates

that appellant's opening brief include "[t]he standard of review and the argument (including

principles of law and authorities) relating to each assignment of error." Goad includes a section

within her brief titled "Standard of Review." This section states, "When Debra Hodge bumped

claimant on June 1st, claimant felt pain shoot straight up her neck. Refer to Worker's

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Compensation Code 65.2-400 and Code 65.2-100 – 65.2-1310.[1]  In response to Angel Clements

testimony[,] [r]efer to Hyatt Regency Crystal City and Hyatt Corporation, V [sic] Charles

Spencer Record No. 1007-10-4."  These statements do not reflect the standard of review.

Goad's argument section includes one sentence, which states, "Claimant was inaccurately

denied benefits from The Worker's Compensation Commission."  Goad does not explain her

argument or offer legal authorities to develop her argument, as required by Rule 5A:20(e).

"Unsupported assertions of error do not merit appellate consideration."  Fadness v.

Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth,

51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008)).  "If an appellant believes that the

[C]ommission erred, it is incumbent upon him 'to present that error to us with legal authority to

support [his] contention.'"  Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 708, 722

S.E.2d 301, 308 (2012) (quoting Fadness, 52 Va. App. at 851, 667 S.E.2d at 866).

"[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is

significant, the Court of Appeals may . . . treat a[n assignment of error] as waived."  Atkins v.

Commonwealth, 57 Va. App. 2, 20, 698 S.E.2d 249, 258 (2010) (quoting Parks v. Parks, 52

Va. App. 663, 664, 666 S.E.2d 547, 548 (2008)).

A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a

defendant represented by counsel."  Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d

650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999)

("Even *pro se* litigants must comply with the rules of court.").

We find that Goad's failure to comply with Rule 5A:20(e) is significant, so we will not

consider her arguments.  See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317

---

[1] Code § 65.2-400 defines occupational disease.  Code §§ 65.2-100 through 65.2-1310
are all of the code sections found within Title 65.2 for workers' compensation.

(2008); <u>cf.</u> Rules 5A:1A(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

Accordingly, we summarily affirm the decision of the Commission.  Rule 5A:27.

<u>Affirmed.</u>