## Salvage DeLacy Stith

### V.

## Virginia State Bar

Record No. 850882

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

---

\* Justice Cochran prepared and the Court adopted the opinion in this case prior to the effective date of his retirement on April 20, 1987.

*Salvage Delacy Stith* for appellant.

*Gregory E. Lucyk, Assistant Attorney General (Mary Sue Terry, Attorney General; James T. Moore, III, Senior Assistant Attorney General, on brief), for appellee.*

COCHRAN, J., delivered the opinion of the Court.

This is an appeal of right by Salvage DeLacy Stith from an order of the Virginia State Bar Disciplinary Board suspending for three years his license to practice law in the Commonwealth. On appeal, Stith contends that the Disciplinary Board erred in denying his motion to dismiss the proceedings on the ground that under our Rules only the Fourth District Committee, and not the Fifth District Committee, had the authority to investigate his conduct, and in denying his petition to rehear. Holding that neither of Stith's contentions is tenable, we will affirm the order of the Disciplinary Board.

The pertinent facts are undisputed. The Fifth District Committee heard two complaints against Stith. The first complaint was based on the fact, admitted by Stith, that a client deposited $3,200 with Stith to be used in the purchase of real estate. The proposed sale was never consummated. When the client requested return of the deposit, Stith gave a check on his trust account which the bank refused to honor. Stith admitted that he had used the money for his own purposes and eventually reimbursed the client. The second complaint was based on the fact, also admitted by Stith, that between January and August 1983 he had borrowed from his trust account various sums for his own use so that the

balance in the account was insufficient to cover the amounts deposited in trust for his clients.

The Disciplinary Board, based on the undisputed facts, ruled that Stith had violated Disciplinary Rules 1-102(A)(4), 9-102(A), 9-102(B)(3), 9-102(B)(4), 9-103(A), and 9-103(B) as to the first complaint (Disciplinary Board Docket No. 84-44), and had violated Disciplinary Rules 1-102(A)(4), 9-102(A), 9-102(B)(3), 9-103(A), and 9-103(B) as to the second complaint (Disciplinary Board Docket No. 85-21).

At the hearing conducted by the Disciplinary Board, Stith conceded that he had appeared before the Fifth District Committee on the first complaint and had not challenged the authority of the Committee to investigate the charges. He also conceded that he did not appear before the Committee on the second complaint or file any written motion or pleading challenging its authority. He asserted, however, that he had verbally informed a member of the Committee that his offices were in the Fourth District, he resided in the Fourth District, and the conduct complained of had occurred in the Fourth District.

Under Part 6, § IV, Paragraph 13 of our Rules, it is the duty of a District Committee to investigate charges of misconduct against an attorney when the misconduct occurs in that district or the attorney resides in or maintains an office in the district. However, we have held that this Rule establishes venue rather than subject-matter jurisdiction. *Smolka* v. *Second Dist. Comm.*, 224 Va. 161, 165, 295 S.E.2d 267, 269 (1982). Venue is waived if timely objection is not made. *Id.*, 295 S.E.2d at 269.

Stith appeared before the Fifth District Committee on the first complaint and did not raise objection to the venue. We hold that this was equivalent to an express waiver. He did not appear on the second complaint and did no more than communicate by telephone with a member of the Committee. We hold that by failing to object either in person or in writing Stith again waived any objection to venue. Stith's first objection to venue of record was his motion to dismiss filed with the Disciplinary Board, but this objection came too late in the disciplinary proceedings to afford him relief, and the Disciplinary Board properly overruled this motion.

Stith filed with the Disciplinary Board a petition for review of its decision and remand of the case to the Fourth District Committee for a hearing *de novo* on the ground that the Fifth District

Committee lacked jurisdiction to investigate the complaints against him. By order entered October 14, 1985, the Disciplinary Board denied this petition. As Stith's petition merely repeated his untimely objection to venue, we hold that the Disciplinary Board did not err in denying it.

Other questions which Stith sought to discuss in oral argument were not raised before the Disciplinary Board or assigned as error. We will not notice these arguments raised for the first time on appeal. Rule 5:25.

We will affirm the Board's order suspending Stith's license to practice law in the Commonwealth for a period of three years, to commence July 1, 1987. Stith shall give notice, by certified mail, of his suspension to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. He shall further make immediate appropriate arrangements for the disposition of those matters presently in his care in conformity with the wishes of his clients.

*Affirmed.*