Present:  All the Justices

KENNETH HARRISON FAILS, II

                                                OPINION BY
v.  Record No. 021851            CHIEF JUSTICE HARRY L. CARRICO
                                             January 10, 2003
VIRGINIA STATE BAR


              FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD

     This appeal is from an order of the Virginia State Bar

Disciplinary Board (the Disciplinary Board) revoking the license

of Kenneth Harrison Fails, II (Fails), to practice law in

Virginia.  Disposition of the appeal involves the interaction

between Part 6, § IV, ¶ 13(C)(6)(a)(i) of the Rules of Court

(hereinafter, Rule 13(C)(6))[1] and Code § 54.1-3915.

     Rule 13(C)(6) provides that a respondent in a proceeding

before the Disciplinary Board shall be served with a Charge of

Misconduct and with notice of the date fixed for hearing.  The

respondent may, within twenty-one days after such notice, (i)

"file his answer which shall be conclusively deemed to be a

consent to the jurisdiction of the Board," or (ii) "file a

demand that the proceeding before the Board be terminated and

that further proceedings be conducted [by a three-judge court]

pursuant to Article 6 of Chapter 39 of Title 54.1 of the Code of

_____

     [1] Since the conclusion of the disciplinary proceedings below
on May 6, 2002, Part 6, § IV, ¶ 13 has been revised effective
September 18, 2002.  Rule 13(C)(6) is now Rule
13(I)(1)(a)(1)(a).  We will refer in this opinion to the version
of ¶ 13 in effect at the time of the proceedings below.

Virginia, whereupon further proceedings before the Board shall be terminated and Bar Counsel shall file the complaint required by § 54.1-3935 of the Code."[2]

Code § 54.1-3915 provides in pertinent part as follows:

[T]he Supreme Court shall not promulgate . . . any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys.[3]  In no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

The record shows that by letter dated February 6, 2002, the Virginia State Bar served notice upon Fails of the certification by a district committee of charges of misconduct against him. The letter stated that, within twenty-one days of its date, Fails could (a) file an original and eight copies of an answer, or (b) demand that the charges against him be heard by a three-judge court pursuant to Code § 54.1-3935.  The letter also advised that the matter was set for hearing before the Disciplinary Board on March 22, 2002.

On March 6, 2002, Fails filed an answer to the certification, and on March 12, 2002, he moved for a continuance

_____

[2] The provision for a demand for a three-judge court is now found in Rule 13(I)(1)(a)(1)(b).
[3] Paragraph 13 itself recognizes this limitation.  Rule 13(K)(6) provides that "[n]othing contained in this Rule 13 shall be so interpreted as to eliminate the jurisdiction of the courts of this Commonwealth to deal with the discipline of attorneys-at-law as provided by law."  This provision in slightly different language is now found in Rule 13(B)(1)(a).

of the hearing scheduled for March 22, 2002, in order to retain counsel. After a pre-hearing conference call involving Fails, the chair of the Disciplinary Board, and the assistant bar counsel, an order was entered by the Disciplinary Board on March 13, 2002, denying the motion for a continuance.

Fails then on the same date demanded that he be tried by a three-judge court and that the proceeding before the Disciplinary Board be suspended. Following a telephone conference call again involving Fails, the chair of the Disciplinary Board, and the assistant bar counsel, an order was entered by the Disciplinary Board on March 19, 2002, denying Fails' demand as untimely because the demand was made past the twenty-one day limitation of Rule 13(C)(6).

On March 22, 2002, Fails appeared with counsel at the hearing before the Disciplinary Board and renewed his demand for a trial before a three-judge court. When the Disciplinary Board refused the demand, Fails and his counsel excused themselves from the remainder of the proceedings. The Disciplinary Board heard the evidence, found Fails guilty of misconduct, and revoked his license to practice law in Virginia. Fails appeals as a matter of right from the Disciplinary Board's final order.

Fails argues that when he demanded a trial before a three-judge court, the Disciplinary Board lost subject matter jurisdiction to hear the certification of charges against him.

Fails recognizes the authority of this Court under Code § 54.1-3909 to prescribe "a code of ethics governing the professional conduct of attorneys" and to prescribe "procedures for disciplining, suspending, and disbarring attorneys." Fails says, however, that the General Assembly limited this authority by providing in Code § 54.1-3915 that this Court could devise no procedure that eliminates the jurisdiction of the courts to deal with attorney discipline or that requires an attorney to be tried in any forum other than a three-judge court after a demand therefor. Fails states that an interpretation of Rule 13(C)(6) that would require an attorney to elect trial by a three-judge court within twenty-one days of service of notice of misconduct would conflict with Code § 54.1-3915 in that it would eliminate the jurisdiction of the courts to deal with the discipline of attorneys and force attorneys to be tried by a forum other than a three-judge court.

Fails maintains that Code § 54.1-3915 neither provides any time or procedural constraints upon an attorney's demand to be tried by a three-judge court nor permits this Court to place constraints upon such a demand. Therefore, Fails says, Rule 13(C)(6) is void and the Disciplinary Board's order of revocation is void as well.

Finally, Fails insists that he did not waive his right to a three-judge trial by filing an answer with the clerk of the

4

Disciplinary System.  Fails says the provision of Rule 13(C)(6) that the filing of an answer "shall be conclusively deemed to be a consent to the jurisdiction of the Board" is "in opposition to the statutory mandate that an attorney who demands to be tried for disciplinary charges before a court of competent jurisdiction shall be tried before no other forum."

We disagree with Fails.  On the jurisdictional question, as the State Bar asserts and Fails acknowledges, we have treated Rule 13(C)(6) "as a limit or restriction only on 'territorial' jurisdiction or venue and not on subject matter jurisdiction." See Smolka v. Second District Committee of the Virginia State Bar, 224 Va. 161, 165-66, 295 S.E.2d 267, 269 (1982); see also Stith v. Virginia State Bar, 233 Va. 222, 224, 355 S.E.2d 310, 311-12 (1987).  Fails has not convinced us that we should treat the Rule differently here, and we reject his argument that when he demanded trial before a three-judge court, the Disciplinary Board lost subject matter jurisdiction to hear the certification of charges against him.

On the question whether Rule 13(C)(6) conflicts with Code § 54.1-3915, we find no conflict.  The message of Rule 13(C)(6) is clear: if an attorney does not wish to be tried by the Disciplinary Board, he or she should not file an answer to a certification of misconduct within twenty-one days.  Instead, the attorney should file within that time a demand for trial by

5

a three-judge court.  This simple procedural step neither eliminates the jurisdiction of the courts to deal with the discipline of attorneys nor denies the right of an attorney to trial by a three-judge court.

In fact, Rule 13(C)(6) complements Code § 54.1-3915.  The Code section is silent on how and when an attorney must make a demand for trial by a three-judge court, and nothing in the statute forbids this Court from supplying the how and when. Rule 13(C)(6) fills the void in the statute with a reasonable requirement that puts the disciplinary authorities and the attorney on notice that they need not prepare for a hearing before the Disciplinary Board but before a three-judge court. Yet the key to the courthouse all along is in the attorney's own hands.  He or she alone is free to make the choice whether to be tried by the Disciplinary Board or a three-judge court.

On the question of waiver, we find nothing whatsoever in Code § 54.1-3915 even suggesting that the right to be tried by a three-judge court may not be waived.  By way of analogy, a party charged with crime may waive, among other constitutional rights, the right to demand counsel or the right to demand trial by jury.  Surely, therefore, an attorney charged with misconduct may waive the less-important statutory right to be tried by a three-judge court.  Indeed, in Wright v. Virginia State Bar, 233 Va. 491, 357 S.E.2d 518 (1987), we said that the "failure [of an

6

attorney charged with misconduct] to make a timely demand for a three-judge court constitute[s] a conclusive waiver of the right to subsequently file such demand." Id. at 497, 357 S.E.2d at 520 (internal quotation marks omitted). In Smolka, supra, after interpreting the use of "jurisdiction" as establishing venue, we said that it "is implicit in [Rule 13(C)(6)]" that, "[o]rdinarily, venue is waived if the defendant does not make a timely objection," 224 Va. at 165, 295 S.E.2d at 269, and that "[b]ecause Smolka filed his answer, he waived his privilege to assert lack of venue," id. at 166, 295 S.E.2d at 269. And in Stith, supra, we said that "[v]enue is waived if timely objection is not made." 233 Va. at 224, 355 S.E.2d at 312.

Fails neither mentions Wright nor attempts to distinguish it. He says Smolka and Stith are distinguishable on the ground that the attorneys in those cases failed to invoke their statutory right to a three-judge court prior to the conclusion of the hearings before the Disciplinary Board while he, Fails, invoked his right to a three-judge court twice prior to the commencement of his hearing before the Board. This is a distinction without a difference. Fails was still late under the twenty-one day limitation of Rule 13(C)(6) in filing his demand for a three-judge court, so the difference between this case and Smolka and Stith is in degree of tardiness only and not in substance.

For the reasons assigned, we will affirm the Disciplinary Board's order revoking Fails' license to practice law in this Commonwealth, effective March 22, 2002.

Affirmed.