COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Kelsey and Powell
Argued at Chesapeake, Virginia


PAULA BROWN WYNN

MEMORANDUM OPINION[*] BY
v.      Record No. 2400-09-1      JUDGE CLEO E. POWELL
AUGUST 10, 2010

HORACE JEROME WYNN


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

Kellam T. Parks (Wolcott Rivers Gates, on briefs), for appellant.

Melissa Warner Scoggins (James E. Short; Law Office of Melissa
W. Scoggins; James E. Short, PLC, on brief), for appellee.


Paula B. Wynn ("wife") appeals the circuit court's October 2, 2009 final divorce decree

ending her marriage to Horace J. Wynn ("husband"). On appeal, wife argues that the trial court

erred 1) by determining that she committed marital waste when she spent her pension, 2) by

valuing husband's business, 3) by awarding husband a portion of the attorney's fees that he

incurred, 4) by awarding her only thirty-five percent of husband's pension, and 5) by failing to

consider all of the statutorily mandated factors before denying her request for spousal support.

For the reasons that follow, we affirm.

I. BACKGROUND

Wife and husband were married on March 1, 1985. In part as a result of wife's financial

mismanagement, husband and wife ceased having a joint checking account by 1987. The parties

stopped wearing their wedding rings by 1994. Though the parties separated and resumed

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

cohabitation numerous times during the marriage, husband contends that they lived separate and apart with no intention of resuming the marital relationship beginning in November of 2000. Wife, however, contends that the date of separation was in November of 2006.

At an evidentiary hearing in which wife appeared *pro* se, very little evidence of the couple's marital assets and debts was presented. The evidence that was presented showed that husband had approximately $93,000 in his retirement account. The evidence also established that husband owned his own business with inventory purchased at a price of $14,744.50 and equipment valued at $9,554.25.

At the conclusion of the hearing, the trial court found that

> [wife] cashed in her pension, which we had at a value of about $32,000. There was some of that that was acquired before the marriage. They were separated off and on. It's hard to tell what the value would be at this point in time. It's fair to say that it would be more than $32,000. Again, we have to do the best we can with what we have. I've given [husband] a credit of $15,000 for that pension.

The trial court further explained that although the wife claimed that she used her pension for living expenses, the evidence proved husband primarily paid wife's living expenses. The trial court stated that wife failed to present evidence as to her expenses that she claimed to have paid for with her pension.

As to husband's business, the trial court found that the

> first time the business made any money was last year. I have acknowledged that she helped him with his business off and on during the marriage, and probably contributed positively to that business, but there was never a profit until last year. And she wasn't around at that point in time to see the profitability of the company. There has only been one year to look at. And in this economy I think it's too speculative to give her anything as to the company, even though I think that she has contributed to that company, but it was not a money-making proposition until last year. So I don't think there is anything to give her for that.

Based on the figures wife presented, the trial court awarded wife thirty-five percent of husband's pension.

The trial court denied wife's request for spousal support because it determined that based on wife's Bachelor's degree in education and real estate license, she was "equally capable of earning as much or more than [husband]."

Finally, as to attorney's fees, the trial court determined that the case, which had been settled, was allowed to be reopened at wife's request. The trial court then found that

> I don't think there was enough of a showing that [husband]
> should be awarded the entirety of his attorney's fees, but I
> do think that the time that's had to be expended on the case,
> particularly considering there was no attorney involved on
> the [wife's] side, has increased his attorney's fees to the
> point that it's unfair to assess the entire amount of
> attorney's fees against him. So, I'm crediting him with half
> of his attorney's fees.

## II. ANALYSIS

## A. MARITAL WASTE

Wife contends that the trial court erred in failing to determine a date of separation. She argues in the alternative, that even if this Court were to hold that the circuit court need not determine a date of separation or that the evidence proved that the date of separation was, as husband asserts, November 2000, there is ample evidence in the record to show that wife's use of her pension was not waste. We disagree.

"Waste occurs 'where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.'" Thomas v. Thomas, 40 Va. App. 639, 644-45, 580 S.E.2d 503, 505 (2003) (quoting Smith v. Smith, 18 Va. App. 427, 430, 444 S.E.2d 269, 272 (1994)). "'Once the aggrieved spouse shows that marital funds were either withdrawn or used after the breakdown, the burden rests with the party charged with dissipation to prove that the money was spent for a

- 3 -

proper purpose.'" Smith, 18 Va. App. at 430, 444 S.E.2d at 272 (quoting Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990)).

> "[W]e view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Smith v. Smith, 43 Va. App. 279, 282, 597 S.E.2d 250, 252 (2004) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citations omitted)). "That principle requires us to discard the evidence of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Petry v. Petry, 41 Va. App. 782, 786, 589 S.E.2d 458, 460 (2003) (citation omitted).

Brandau v. Brandau, 52 Va. App. 632, 634, 666 S.E.2d 532, 534 (2008).

Initially, wife contends that the trial court failed to determine a date of separation. It is implicit in the court's ruling where it treated wife's expenditure of her pension as marital waste, however, that it accepted husband's testimony and found the date of separation to be November 2000. Thus, this Court must determine whether the evidence supports a finding that the date of separation occurred in November 2000. Husband contends that the irreconcilable breakdown occurred in November 2000 when wife moved out, even though husband allowed her to return temporarily in 2003 after he learned that she was sleeping in her car. Upon her return, husband and wife slept in separate bedrooms, and wife paid husband rent. Based on this evidence, it cannot be said that the trial court abused its discretion in finding that the marriage was "'undergoing an irreconcilable breakdown'" at the time that wife cashed in her pension.

Once husband established that wife spent marital funds once the marriage had begun to breakdown, wife must prove that "'the money was spent for a proper purpose.'" Smith, 18 Va. App. at 430, 444 S.E.2d at 272 (quoting Clements, 10 Va. App. at 586, 397 S.E.2d at 261). Here, wife argued that she spent the money on living expenses, but she failed to present evidence in support of this contention. "'Reviewing courts cannot . . . reverse and remand . . . [equitable distribution] cases where the parties have had adequate opportunity to introduce evidence but

- 4 -

have failed to do so.'" Clements, 10 Va. App. at 586, 397 S.E.2d at 260 (quoting Bowers v.

Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987)).  As wife bore the burden to prove

that the funds were properly spent and she presented no evidence of such, the trial court did not

err in awarding $15,000 of the value of wife's pension to husband.

## B.  VALUATION OF THE BUSINESS

Wife argues that the trial court erred in valuing the business as zero despite evidence of

assets,[1] or, in the alternative, not giving her credit for the proper value of the business in the

equitable distribution award.  Wife also contends alternatively that if the trial court erred in

failing to consider the assets of the business, then the trial court committed reversible error

because it was required statutorily to value all marital property.  Specifically, on brief, wife

argues that the property used in the business was valued at $24,328.75 and asserts that she should

have been awarded a percentage of that amount.[2]

Code § 20-107.3 requires a trial court to value the parties' separate and marital property

before making a monetary award.

> Virginia's statute "mandates" that trial courts determine the
> ownership and value of all real and personal property of the
> parties. Hodges v. Hodges, 2 Va. App. 508, 516, 347 S.E.2d 134,
> 139 (1986).  But, consistent with established Virginia
> jurisprudence, the litigants have the burden to present evidence
> sufficient for the court to discharge its duty.  When the party with
> the burden of proof on an issue fails for lack of proof, he cannot
> prevail on that question.  "[T]he burden is always on the parties to
> present sufficient evidence to provide the basis on which a proper
> determination can be made, and the trial court in order to
> comply . . . must have the evidence before it . . . to grant or deny a

---

[1] Wife argues that the trial court valued the business as zero.  While the record is not altogether clear, it appears that the trial court did not value the business and, instead, exercised its discretion to not value this asset based on a paucity of evidence.

[2] Wife's argument on value conflates the value of a business with the value of the assets owned by the business.  Further, she conflates the value of the assets with the purchase price of the assets.

- 5 -

monetary award." Id. at 517, 347 S.E.2d at 139. Furthermore, "[r]eviewing courts cannot continue to reverse and remand . . . [equitable distribution] cases where the parties have had an adequate opportunity to introduce evidence but have failed to do so. Parties should not be allowed to benefit on review for their failure to introduce evidence at trial . . . . At some point we must 'ring the curtain down.'" In re Marriage of Smith, 114 Ill. App. 3d 47, 54-55, 448 N.E.2d 545, 550 (1983).

Bowers, 4 Va. App. at 617-18, 359 S.E.2d at 550. That said,

Virginia's trial courts may, without doing violence to the statute, make a monetary award without giving consideration to the classification or valuation of every item of property, where the parties have been given a reasonable opportunity to provide the necessary evidence to prove classification or valuation but through their lack of diligence have failed to do so.

Id. at 618, 359 S.E.2d at 551.

Here, although given a reasonable opportunity to provide the necessary evidence, the litigants presented scant evidence as to the value of the business. Husband testified that he started the business in 1994 and that wife last contributed to the business in 2004 or 2005. He testified that in 2008, the business' profit was in excess of $20,000, which he described as his "best year." He described 2008 as "the first real year that [he] made money." He further testified that prior to 2008, his highest gross sales were $19,000. Based on this testimony, the trial court found that the business had only been profitable for one year and that wife was not around when the business became profitable. The court concluded that based on the economy, "it's too speculative to give [wife] anything as to the company." While there was testimony regarding the purchase price of inventory, the value of equipment, gross sales, and one year's profit, there was no evidence as to the value of the business. Given the limited evidence presented to the trial court from which to determine the value of the business, it cannot be said that the trial court abused its discretion in not valuing or equitably distributing the business.

### C. EQUITABLE DISTRIBUTION OF HUSBAND'S PENSION

Wife argues that the trial court erred in awarding wife only thirty-five percent of husband's pension because it improperly determined the date of separation.[3] "'In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case.'" Moran v. Moran, 29 Va. App. 408, 417, 512 S.E.2d 834, 838 (1999) (citation omitted). Although the trial judge must exercise sound discretion, we have recognized that the statute requires the judge to make a "determination . . . based upon the equities and the rights and interests of each party in the marital property." Keyser v. Keyser, 7 Va. App. 405, 410, 374 S.E.2d 698, 701 (1988); see also Barker v. Barker, 27 Va. App. 519, 535, 500 S.E.2d 240, 247-48 (1998). When a trial court has considered the statutory factors, this Court will not reverse that court's ruling unless the record indicates that the trial court abused its discretion, Ranney v. Ranney, 45 Va. App. 17, 47, 608 S.E.2d 485, 499-500 (2005), meaning the award is plainly wrong or without evidence to support it, Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing Frye v. Spotte, 4 Va. App. 530, 537, 359 S.E.2d 315, 319-20 (1987)).

"Virginia law does not establish a presumption of equal distribution of marital assets." Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998); see Robbins v. Robbins, 48 Va. App. 466, 480, 632 S.E.2d 615, 622 (2006) (affirming circuit court's use of "a 65/35 division of assets"). The trial court specifically stated that it considered all of the factors in Code § 20-107.3 and, therefore, as there is nothing in the record to suggest that this award is in

---

[3] Citing her proffered evidence regarding the date of separation, wife also argues that the trial court "erroneously omitted from the formulaic division of the pension those periods during the marriage where the parties were physically apart[,]" this argument is unsupported by the record as it is clear, for the reasons stated supra, that the trial court implicitly found that the date of separation was November 2000.

error or that wife requested anything different from this amount, we affirm the trial court's decision to award wife thirty-five percent of husband's pension.

## D. TRIAL COURT'S AWARD OF ATTORNEY'S FEES TO HUSBAND

Wife also asserts that the trial court erred in awarding husband $5,812 in attorney's fees because it erroneously attributed the delay in litigation caused by the matter being reopened to wife. She contends that both husband and wife wanted the matter reopened and set for a contested trial, and therefore, no weight should be given to the fact that the matter was reopened. She further argues that the trial court erred in determining that husband was entitled to attorney's fees because he had to spend more time preparing because wife was *pro se* than he would have had she been represented by counsel.

> "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "The key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Fadness v. Fadness, 52 Va. App. 833, 848-49, 667 S.E.2d 857, 865 (2008). "[W]hether the party unnecessarily increased litigation costs through unjustified conduct calculated to delay resolution of the proceedings" may be considered in deciding whether and how much attorney's fees to award. Rinaldi v. Rinaldi, 53 Va. App. 61, 78, 669 S.E.2d 359, 367 (2008) (citing Northcutt v. Northcutt, 39 Va. App. 192, 200-01, 571 S.E.2d 912, 916 (2002)).

Here, the trial court found that the case, which had been settled, was allowed to be reopened at wife's request and, in part because wife appeared *pro se*, husband's expenses were higher than they would have been. Based on the facts of this case and the trial court's findings, it cannot be said that the trial court's decision to award husband partial attorney's fees was an abuse of discretion.

## E. SPOUSAL SUPPORT

"No ruling of the trial court . . . will be considered a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule 5A:18.[4]  To preserve an issue for appeal, "'[a] party must state the grounds for an objection 'so that the trial judge may understand the precise question or questions he is called upon to decide.'"  Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942)).  "Making one specific argument on an issue does not preserve a separate legal point on the same issue." Edwards v. Commonwealth, 41 Va. App. 752, 760-61, 589 S.E.2d 444, 448 (2003) (*en banc*).

On the final divorce decree, wife specifically objected to the trial court's "[t]he denial of spousal support to [wife.]"  On appeal, however, wife argues that the trial court erred when it denied her spousal support because it failed to consider all of the statutorily mandated factors. She further contends that even if the trial court considered all of the factors enumerated in Code § 20-107.1, the trial court's statements indicate that it only considered one factor – the earning capacities of the parties – and this was in error.  As the argument wife makes on her appeal is not the same as her objection at trial, wife failed to preserve her current argument for appeal and it is waived.

## III.  CONCLUSION

For the foregoing reasons, we hold that the trial court did not abuse its discretion in finding that the wife committed marital waste when she spent her pension, in valuing the

---

[4] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."  Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

husband's business, in awarding wife thirty-five percent of husband's pension, and in awarding husband a portion of the attorney's fees he incurred. We also hold that wife failed to preserve the spousal support argument that she now makes on appeal and, therefore, we decline to consider her current argument.

Affirmed.