COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


HANS PHILLIP OLSON

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0470-10-4                          PER CURIAM
                                                    SEPTEMBER 21, 2010
COLLEEN CATHERINE CONLON


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                        Benjamin N. A. Kendrick, Judge

            (Charles M. Jorgenson, on briefs), for appellant.

            (John K. Cottrell; Mina J. Ketchie, Guardian *ad litem* for the minor
            children; Cottrell Fletcher Schinstock Bartol & Cottrell, on brief), for
            appellee.


        Hans Phillip Olson (father) appeals a custody and visitation order, which granted sole

custody of the parties' minor children to Colleen Catherine Conlon (mother) and denied father

contact of any kind with the minor children.  Father argues that the trial court erred by (1) allowing

Tammee Gaymon to give her opinion as to why Child Protective Services (CPS) amended its

findings concerning the identity of the abuser and to further give her opinion that father abused the

children; (2) allowing the November 19, 2008 hearing to be resumed on January 25, 2010 without

the presence of the mother's witnesses, Gaymon, Kristine Solberg, and Delaney Kane, for

cross-examination by father; (3) allowing mother's counsel to characterize the prior testimony of

Gaymon, Solberg, and Kane at the January 25, 2010 hearing; (4) admitting into evidence the

statements attributed to either of the parties' children as exceptions to the hearsay rule; (5) awarding

sole custody of the minor children to mother and denying father any visitation with his children

────────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

without consideration or announcement of the factors in Code § 20-124.3; and (6) apportioning all of the children's therapy expenses and the guardian *ad litem's* (GAL) fees and costs solely to father. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The parties were married on June 7, 1997. During the marriage, two children were born; H. was born in 2002, and E. was born in 2004.[1] The parties separated in 2006. On May 9, 2007, the trial court entered a consent *pendente lite* order, which stated that the parties would share custody of the children and the children would be with father from Sunday mornings until Tuesday mornings and on Thursday evenings for dinner.

In March 2008, CPS received a report of possible child abuse regarding the parties' children. E. was exhibiting sexual behavior that was inappropriate for her age at school. The Child Advocacy Center conducted an extended forensic evaluation. CPS found that the case regarding E. was a Level 2: Sexual Abuse case and the case regarding H. was a Level 3: Sexual Abuse case.[2] Initially, CPS listed father as the abuser, but later amended the disposition to an unknown abuser because CPS failed to ask father if the interview could be recorded.

On October 8, 2008, mother filed a motion to suspend father's visitation. On November 4, 2008, the trial court suspended father's visitation pending a full hearing on November 19, 2008. At the hearing on November 19, 2008, the parties agreed to defer the conclusion of the hearing, so as to engage an agreed-upon therapist for the children and obtain psychological

---

[1] The children will be referred to by their initials.

[2] There are three levels of founded cases. A Level 2 case "includes those injuries/conditions, real or threatened, that result in or were likely to have resulted in moderate harm to a child." 22 VAC 40-700-20(2). A Level 3 case "includes those injuries/conditions, real or threatened, that result in minimal harm to a child." 22 VAC 40-700-20(3).

evaluations. Father's visitation was suspended. The hearing was resumed on January 25, 2010.

After hearing all of the evidence, the trial court awarded sole custody of the children to mother

and ordered that father could not visit or have any contact with the children. Father timely noted

his appeal.

## ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount

concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387

S.E.2d 794, 795 (1990).

"As long as evidence in the record supports the trial court's ruling and the trial court has

not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App.

532, 538, 518 S.E.2d 336, 338 (1999).

### Rule 5A:18

Father argues that the trial court erred in allowing Gaymon, a CPS worker, to give her

opinion as to why CPS amended its findings concerning the identity of the abuser and further

give her opinion that father abused his children. Although father objected to mother's question

to Gaymon asking if Gaymon believed that father was the abuser, father's objection was that the

question was leading. He did not object to Gaymon answering the question because it was a

conclusion of law, which was what he argued for the first time in his brief.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the

objection was stated together with the grounds therefor at the time of the ruling, except for good

cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.[3] We

---

[3] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect.

"will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Therefore, Rule 5A:18 precludes this Court from considering father's first assignment of error.

Father made another argument for the first time on appeal. The trial court admitted into evidence notes from Kane, which contained statements from E.[4] Father argues that the trial court did not make a finding that E. was unavailable prior to admitting the notes pursuant to Code § 63.2-1522.

> A. In any civil proceeding involving alleged abuse or neglect of a child . . . , an out-of-court statement made by a child the age of twelve or under at the time the statement is offered into evidence, describing any act of a sexual nature performed with or on the child by another, not otherwise admissible by statute or rule, may be admissible in evidence if the requirements of subsection B are met.
>
> B. An out-of-court statement may be admitted into evidence as provided in subsection A if:
>
> 1. The child testifies at the proceeding, or testifies by means of a videotaped deposition or closed-circuit television, and at the time of such testimony is subject to cross examination concerning the out-of-court statement or the child is found by the court to be unavailable to testify on any of these grounds:
>
> a. The child's death;
>
> b. The child's absence from the jurisdiction, provided such absence is not for the purpose of preventing the availability of the child to testify;
>
> c. The child's total failure of memory;

See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

[4] Kane was E.'s preschool teacher from September 2007 to August 2008.

d. The child's physical or mental disability;

e. The existence of a privilege involving the child;

f. The child's incompetency, including the child's inability to communicate about the offense because of fear or a similar reason; and

g. The substantial likelihood, based upon expert opinion testimony, that the child would suffer severe emotional trauma from testifying at the proceeding or by means of a videotaped deposition or closed-circuit television.

2. The child's out-of-court statement is shown to possess particularized guarantees of trustworthiness and reliability.

\* \* \* \* \* \* \*

E. The court shall support with findings on the record, or with written findings in a court not of record, any rulings pertaining to the child's unavailability and the trustworthiness and reliability of the out-of-court statement.

Code § 63.2-1522.

On appeal, father argues that the trial court did not make any finding as to E.'s unavailability and the trustworthiness and reliability of her statements.[5] As stated above, since father makes this argument for the first time on appeal, Rule 5A:18 applies, and we decline to consider on appeal issues not raised in the trial court.

Rule 5A:20(e)

Father argues that the trial court erred in resuming the trial on January 25, 2010 without the presence of Gaymon, Solberg, and Kane, so that he could cross-examine them. He also contends the trial court erred when it allowed mother's counsel to characterize their testimony from the November 2008 hearing at the January 2010 hearing.

---

[5] On the final order, father noted his objection to the admissibility of the evidence but stated that mother failed to provide advance notice and copies of the documents prior to the November 19, 2008 hearing as required by Code § 63.2-1522(C). He did not raise the argument that the trial court failed to make a finding that E. was unavailable.

Rule 5A:20(e) mandated that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Father did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider the second and third questions presented. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

<u>Code § 20-124.3 factors</u>

Father argues that the trial court did not consider or announce the Code § 20-124.3 factors that affected its decision to award sole custody to mother and deny him visitation.

At the time of the ruling, the trial court stated,

> I agree with Ms. Ketchie [the guardian *ad litem*] and Ms. Meacham [appellee's counsel] both. I'm directed, and I must be guided by what is in the best interest of these children.
>
> I think the conduct is out of control. I am still convinced that Mr. Olson is, in part, responsible for this. I can't ignore the evidence that I've seen that's come from the children's mouth.
>
> And on this record, I am not going to suggest any kind of supervision at this time until I'm convinced that these children are capable of handling it.
>
> I'm not going to rule out unification, but he needs therapy and these children need therapy. And, until we're at a point where

everybody can get together without potential harm, the request [for supervised visitation] is denied.

The parties' final arguments, and in fact most of the trial, centered on the sexual abuse suffered by the children. All of the parties involved, including father, agreed that the children had issues, which needed to be addressed in therapy. Father denied that he was the abuser and asked for supervised visits with the children. Mother and the GAL argued that father should not visit with the children at all at this time. The trial court agreed and ruled that father would have no contact with the children due to concerns about the abuse, the children's safety, and the need for therapy.

Furthermore, the final order stated that the ruling was "based upon the finding of abuse, as set forth in Judge Benjamin N. A. Kendrick's ruling of January 25, 2010, and upon consideration of the factors set forth in Section 20-124.3 of the 1950 Code of Virginia, as amended."

Code § 20-124.3 lists ten factors for the court to consider. One of the factors is "[a]ny history of family abuse as that term is defined in § 16.1-228 or sexual abuse. If the court finds such a history, the court may disregard the factors in subdivision 6," which concerns the propensity of one parent to support the child's relationship with the other parent. Other factors include the "age and physical and mental condition of the child," the "age and physical and mental condition of each parent," and the "relationship existing between each parent and each child."

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. However, a court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). See also Brown, 30 Va. App. at 538, 518 S.E.2d at 338.

Here, the trial court obviously considered the factor regarding abuse, as stated in its ruling and in the final order. However, the trial court also considered the children's mental condition and their need for continued therapy. It considered the father's need for therapy. It also considered the children's relationship with their father, and their reactions when they saw him or when others talked about him. (For example, the trial court stated, "These kids were doing nothing but masturbating on every occasion they could get, in school, out of school, and it all came about because of the presence of [father].")

The trial court considered the Code § 20-124.3 factors and determined that it was in the children's best interests for father not to have any contact with the children.

Therapy expenses and GAL fees

Father argues that the trial court erred in apportioning all of the children's therapy expenses and all of the GAL's fees and costs to him.

"The decision to apportion guardian fees between both parties or to one party alone also involves a matter within the chancellor's discretion." Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003).

> Indivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as costs to the parties. Code §§ 20-79(b) and 20-99(5) provide the statutory basis for the award of such costs as equity and justice may require. Such an award is considered remedial and is within the recognized "discretion of a court of equity over the subject of costs." Code § 14.1-177.

Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993).

The evidence was that mother earned approximately $40,000 per year and father earned approximately $176,000 per year. Mother also received approximately $1,800 per month in

spousal support from father. The trial court held that based on the "disproportionate amount of money that the parties are making," father was responsible for all of the therapy expenses and the GAL's fees and costs.

Given the circumstances of this case, the trial court did not abuse its discretion in ordering that father be responsible for the children's therapy expenses and the GAL's bill.

<u>Attorney fees</u>

Mother asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by mother in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We also remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

<u>Affirmed and remanded.</u>