COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


WILLIAM H. KIRKENDALE

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1446-10-4                             PER CURIAM
                                                       MARCH 29, 2011
KRISTEN A. KIRKENDALE


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                            James H. Chamblin, Judge

              (William H. Kirkendale, *pro se*, on brief).

              (Kristen A. Kirkendale, *pro se*, on brief).


        William H. Kirkendale (husband) appeals a final decree of divorce.  Husband argues that the

trial court erred by (1) not considering the testimony of the mother of Kristen A. Kirkendale (wife)

because it corroborated husband's testimony and evidence regarding wife's alcoholism;

(2) preserving wife's Fifth Amendment assertions to questions asked at trial; (3) striking a question

and not allowing husband to fully answer a question regarding wife's psychological services; (4) not

imputing income to wife and not considering that her alcoholism led to her loss of full-time

employment as a teacher; (5) not factoring in work-related childcare into the child support

calculation; (6) not considering husband's ability to pay spousal support, especially in light of his

income and expense statement; (7) not considering the best interests of the children when

calculating child support and spousal support, as the rulings do not allow husband to maintain the

same standard of living for the children; (8) holding that the debt to wife's sister was marital and

apportioning this debt equally between the parties; (9) holding husband solely responsible for the

debt arising from the business loan taken out in 2002; (10) holding that any issue not discussed and

───────────────────

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ruled on by the trial court should be decided by mutual agreement of the parties; (11) not giving husband a credit for the reduction of debt he paid since the final hearing; and (12) not awarding attorney's fees to husband.[1]  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

Husband and wife married on July 10, 1993, separated on August 28, 2008, and divorced on April 16, 2010.  The parties have three minor children.  In December 2008, husband filed a complaint for divorce, to which wife responded and filed a cross-complaint for divorce.  On October 21 and 22, 2009, the trial court heard evidence regarding the grounds for divorce, custody and visitation, equitable distribution, spousal support, child support, and attorney's fees. The trial court issued a detailed, nineteen-page letter opinion on January 13, 2010.  The trial court granted husband a divorce based on living separate and apart for more than one year.  The trial court granted the parties joint legal custody of the children, with husband having primary physical custody.  After considering the factors in Code § 20-107.3, the trial court ruled that "there should be an essentially equal division of the [liquid assets] and that all of the debt, except for Mr. Kirkendale's business and motorcycle loans, should be apportioned equally between the parties."  Furthermore, the trial court ruled that husband did not meet his burden to prove that wife was voluntarily underemployed; therefore, it declined to impute income to her.  After considering the factors in Code § 20-107.1, the trial court awarded wife spousal support in the amount of $2,500 per month for three years and reserved her right to request spousal support, upon a change of circumstances, after that time period, for seven years.  Next, the trial court

---

[1] Husband lists thirteen assignments of error in his opening brief; however, the twelfth and thirteenth issue both concern the trial court's refusal to award attorney's fees to either party.

considered child support and concluded that it did not have sufficient information to determine the cost of the work-related childcare. As a result, wife's child support obligation is $452 per month. Lastly, the trial court declined to award attorney's fees to either party.

Husband filed a motion for reconsideration, which the trial court ultimately denied. The trial court entered the divorce decree on April 16, 2010. Each party filed several post-trial motions, and a final order regarding the distribution of personal property was entered on June 7, 2010. This appeal followed.

ANALYSIS

Wife's Motion to Dismiss

Wife included a motion to dismiss in her brief. She argues that husband's appeal should be dismissed for his failure to file an appendix pursuant to Rule 5A:25; however, this Court ruled on January 27, 2011 that the appeal could proceed even though husband did not timely file an appendix.[2] Accordingly, we deny wife's motion.

Issues 1, 2, 3, 6, and 10 - Rule 5A:18

Husband failed to preserve issues 1, 2, 3, 6, and 10. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."[3] Rule 5A:18. We "will not consider an argument on appeal which

_____

[2] Initially, husband did not file an appendix with his opening brief. This Court issued a show cause order, to which husband responded and filed a late appendix. Husband's appendix included the trial court's letter opinion dated January 13, 2010, husband's income and expense statement dated October 20, 2009, two out of four pages of husband's objections to the final decree, and Exhibit A of the final decree regarding the parties' debts.

[3] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect.

was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987).

Therefore, we will not consider these issues.

### Issues 4, 5, 8, and 11 - Rule 5A:20(e)

Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, to fully develop his arguments for issues 4, 5, 8, and 11. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

---

See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider issues 4, 5, 8, and 11.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Issues 7, 9, and 12 – Rule 5A:25

Husband failed to provide us with the necessary documents in the appendix to consider issues 7, 9, and 12.  The appendix includes only two out of four pages of his objections to the final decree, and issues 7, 9, and 12 were not listed in those two pages of objections.  Furthermore, the appendix did not contain husband's motion for reconsideration, the order denying his motion, and those portions of the transcript necessary for us to review husband's arguments.  See Rule 5A:25.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6).  "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice."  Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam).  Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision."  Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Husband failed to provide us with an adequate appendix to enable us to address his assignments of error.  Because the appendix filed in this case does not contain a part of the

record that is essential to the resolution of the issues before us, we affirm the judgment of the

trial court.[4]

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>

---

[4] In addition to his failure to comply with Rule 5A:25, husband failed to comply with Rule 5A:20(e) for these assignments of error, and this failure is significant.  <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).