**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-9512**

_____

In the Matter of Rhetta Moore Daniel, Esquire,

      Respondent.

_____

On Notice to Show Cause Before the Fourth Circuit Standing Panel on Attorney Discipline.

_____

Argued:  September 13, 2022                              Decided:  December 28, 2022

_____

Before DIAZ, THACKER, and QUATTLEBAUM, Circuit Judges.

_____

Reciprocal disbarment imposed by unpublished per curiam opinion.

_____

Elizabeth Kinland Shoenfeld, VIRGINIA STATE BAR, Richmond, Virginia, for Prosecuting Counsel.  Rhetta M. Daniel, Richmond, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This matter comes before this Court's Standing Panel on Attorney Discipline on a Notice to Show Cause. By that Notice, Respondent Rhetta Moore Daniel was directed to show cause why she should not be suspended from practice before this Court. Respondent filed her Response to the Notice to Show Cause, by which she requested a hearing under Local Rule 46(g)(9). This Court imposed an interim suspension and deferred further consideration pending disposition of Respondent's appeal to the Supreme Court of Virginia. The Virginia Supreme Court dismissed the appeal based on Respondent's failure to file an opening brief. Respondent informed this Court that no other proceedings were pending in state court and renewed her request for a hearing. Having granted Respondent's request for a hearing, this Court appointed Assistant Bar Counsel from the Virginia State Bar as prosecuting counsel in this proceeding. Upon completion of formal briefing, the Standing Panel on Attorney Discipline heard oral argument.

The Virginia State Bar Disciplinary Board revoked Respondent's law license after finding that she violated multiple rules of professional conduct in two separate lawsuits. In finding revocation to be the appropriate sanction, the Board reasoned:

> The evidence presented in this proceeding demonstrate[s] that Respondent intentionally misused the judicial process by failing to abide by court rules concerning discovery in the Suffolk lawsuit, falsely accusing Judge Daffron and Judge Bondurant of improper or criminal behavior, submitting false information about settlement in the Suffolk lawsuit, and engaging in rude and disruptive behavior during hearings in both the Charles City and Suffolk lawsuits. The harmful consequences of Respondent's actions include awards of sanctions against her clients in both lawsuits, and the inevitable embarrassment and distress Judge Bondurant, Judge

2

Daffron, and opposing counsel in both lawsuits endured as Respondent engaged in her years-long campaign of baseless attacks on their competence, reputation, and professionalism. Revocation is further supported by Respondent's multiple acts of misconduct in both lawsuits, as they reflect a pattern of disdain for the courts and the judicial process.

In its consideration of aggravating and mitigating factors applicable to the appropriate sanction, the Board found that the absence of a prior disciplinary record, Respondent's lack of a dishonest motive, and the payment of restitution, albeit by Respondent's malpractice carrier, were mitigating factors.

The aggravating factors far outweighed the mitigating factors, however. The evidence reflects a pattern of misconduct; multiple offenses; Respondent's bad faith obstruction of the disciplinary process by failing to comply with rules or orders of the disciplinary agency; Respondent's refusal to acknowledge the wrongful nature of her misconduct; the vulnerability of Respondent's victims, her clients; and Respondent's substantial experience in the practice of law.

Virginia State Bar Disciplinary Board Order 23-24, March 22, 2019.

This Court's authority to impose reciprocal discipline is governed by Rule 46 of the Federal Rules of Appellate Procedure, which provides that "a member of the court's bar is subject to suspension or disbarment by the court if the member . . . has been suspended or disbarred from practice in any other court." When imposing discipline based on a state court's action, we presume that discipline identical to that imposed by the state court is appropriate. 4th Cir. R. 46(g) (rules of disciplinary enforcement). We will impose this presumptive discipline so long as three requirements are met: "(1) the state must have given the attorney notice of the charges and an opportunity to be heard; (2) the evidence must support the findings made; and (3) there must be no other 'grave reason' for ignoring the

actions taken." *Wrighten v. United States*, 550 F.2d 990, 991 (4th Cir. 1977) (citing *Selling v. Radford*, 243 U.S. 46, 51, 37 S.Ct. 377 (1917)).

Respondent argues that Virginia's attorney discipline procedures constitute an unlawful usurpation of authority statutorily delegated only to the state's courts. In Respondent's view, this attorney discipline scheme contravenes not only the governing statutes, but also the state's constitution, resulting in the type of grave injustice that would undermine this Court's reliance on it and preclude imposition of the presumptive reciprocal discipline.

Authority to discipline attorneys in Virginia is vested by statute in the state's Supreme Court. The court's latitude is broad. It "may promulgate rules and regulations . . . [p]rescribing procedures for disciplining, suspending, and disbarring attorneys," so long as its rules and regulations are not "inconsistent with any statute," do not "eliminate[ ] the jurisdiction of the courts to deal with the discipline of attorneys," and do not preclude an attorney facing discipline from "demand[ing] to be tried by a court of competent jurisdiction." Va. Code § 54.1-3909, -3915.

Exercising its authority to promulgate rules and regulations consistent with state statutes, the court has codified its attorney discipline procedures in the Rules of the Supreme Court of Virginia, which delegates "general administrative authority over and responsibility for" attorney discipline to the Council of the Bar. Va. Sup. Ct. R. Pt. 6 § 4 ¶ 13-3. The Council is charged with creating District Committees and Subcommittees, which may investigate allegations of attorney misconduct. *Id.* ¶ 13-4, 13-7. The District Committee or Subcommittee then may submit a Certification of the alleged misconduct to

4

the Disciplinary Board, which may impose discipline upon a finding of misconduct following a hearing. *Id.* ¶ 13-18. The Disciplinary Board's disposition is appealable of right to the Supreme Court of Virginia. *Id.* ¶ 13-26.

Critically though, any attorney facing discipline may choose to proceed before a three-judge circuit court rather than before the Disciplinary Board or a District Committee if the attorney properly objects under the Supreme Court of Virginia's rules. Va. Code Ann. § 54.1-3935.

The Supreme Court of Virginia has considered arguments like those advanced by Respondent and has concluded that its attorney discipline procedures pass muster. In *Fails v. Virginia State Bar*, 265 Va. 3, 574 S.E.2d 530 (2003), an attorney facing discipline demanded trial by a three-judge court well after the deadline for doing so under the applicable rule. The Disciplinary Board denied the untimely demand, proceeded with its scheduled hearing, and revoked the attorney's license to practice law. On appeal to the Supreme Court of Virginia, the attorney argued that imposition of a deadline for demanding a three-judge trial conflicts with the statutory provision guaranteeing the right to such a trial. The court found no such conflict, observing that the "simple procedural step" of demanding a three-judge trial within the deadline "neither eliminates the jurisdiction of the courts to deal with the discipline of attorneys nor denies the right of an attorney to trial by a three-judge court." *Id.* at 7, 574 S.E.2d at 533.

We see no reason to disagree with the Supreme Court of Virginia's assessment of its own rules and the law of that state. The Virginia General Assembly has vested the authority to discipline attorneys in the state in its Supreme Court and authorized that court

5

to create procedures for doing so. The Supreme Court has created a system for attorney discipline, adopting procedures that protect the right of an attorney to be tried by a court in conformity with state statutes. An attorney who wishes to exercise that right and be tried by a court rather than by the Disciplinary Board need only make the demand in the time allowed by the rules.

Like the attorney in *Fails*, Respondent failed to timely demand a trial by a three-judge court. Respondent then failed to perfect her appeal of the Disciplinary Board's decision by neglecting to file a brief in that case. In short, Respondent has declined to have her attorney discipline matter considered by Virginia's courts each time. Respondent cannot now claim that a grave injustice has been committed.[*]

Respondent's attempt to characterize her arguments as constitutional does not change the outcome. Respondent admits that the Virginia General Assembly properly vested authority to discipline attorneys in the Supreme Court of Virginia. It does not follow then that the Supreme Court's exercise of that authority—within the confines of the relevant statutes—would be unconstitutional. Virginia's attorney discipline procedures do

---

[*] Respondent, through counsel, did object to the Disciplinary Board's jurisdiction before her hearing. On the first morning of the hearing, however, counsel waived the argument in Respondent's absence, informing the Board that the document was not a motion and that he did not need to be heard on the matter. At oral argument before this Court, Respondent argued that she was unaware of her attorney's waiver and should not be bound by it. But an attorney acts as an agent of the client and that the client is therefore bound by the attorney's acts. *See, e.g.*, *Farabee v. Clarke*, 967 F.3d 380, 392 (4th Cir. 2020) (citing *Maples v. Thomas*, 565 U.S. 266, 281, 132 S.Ct. 912, 922 (2012)). Respondent offers no facts that would distinguish her relationship with her counsel from the agency created by an attorney-client relationship. Respondent is, therefore, bound by her attorney's waiver.

6

not, as Respondent argues, usurp or supplant the authority of the courts. Rather, they implement that authority in compliance with state statutes.

Nor can Respondent show that the procedures at issue lack due process. Procedural due process in attorney discipline proceedings requires only that an attorney must have "fair notice of the charge against him and an opportunity to explain and defend his actions." *In re Chipley*, 448 F.2d 1234, 1235 (4th Cir. 1971) (citing *In re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1967)). Respondent does not dispute that she received notice in compliance with the Rules of the Supreme Court of Virginia. Nor does she argue that she was unaware of the charges against her or that she lacked the opportunity to refute those charges.

Finally, Respondent's contention that the proof offered to the Disciplinary Board could not support the discipline imposed is conclusory and unconvincing. Although Respondent denies that her conduct violated each of the rules of professional conduct for which she was disciplined, she fails to point to any record evidence or lack thereof that could lead this Court to agree with her.

Upon consideration of the briefs and oral arguments, we find no want of due process, infirmity of proof, or other grave reason which would preclude giving the decision of the Virginia State Bar Disciplinary Board its presumptive effect under this Court's Local Rule 46(g) and the Supreme Court's decision in *Selling*. The Court therefore disbars Rhetta Moore Daniel from the practice of law before the U.S. Court of Appeals for the Fourth Circuit.

*SO ORDERED*

7