COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Beales and Senior Judge Clements

BETTY M. RICHARDS

                                                                    MEMORANDUM OPINION*
v.      Record No. 1326-12-2                                        PER CURIAM
                                                                    APRIL 2, 2013
ROBERT E. RICHARDS

                    FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                                   Paul W. Cella, Judge

            (Renay M. Fariss, on briefs), for appellant.

            (Charles E. Adams; Anastasia K. Jones, Guardian *ad litem* for the
            minor child; Law Offices of Zwerdling, Oppleman and Adams, on
            brief), for appellee.


            Betty M. Richards (mother) appeals a custody and visitation order.  Mother argues that the

trial court erred in (1) failing to hear evidence or schedule an evidentiary hearing on the issue of

mother's visitation with the child; (2) "adopting a [juvenile and domestic relations district court]

Order in which the entirety of the visitation provisions had been stricken by the [JDR] court judge";

(3) adopting a proposed order drafted by Robert E. Richards' (father) counsel because it contained

visitation provisions not previously ordered; (4) depriving mother of alternating week visitation,

weeknight visitation, Thanksgiving visitation in odd years, Christmas visitation in even years,

Easter visitation in odd years, and extended weekend federal holiday visitation; and (5) failing to

rule on mother's motion to reconsider and set aside.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

_____

            * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties have one child, who was born in July 2002.  In August 2010, the parties reached an agreement relating to custody, visitation, and support, which was incorporated into a JDR court order.  The parties agreed to joint legal custody with shared physical custody.  The parties agreed to a visitation schedule, in which they divided weekdays, weekends, and holidays.

In May 2011, father moved to amend custody and visitation.  On November 12, 2011, the JDR court entered an order granting sole legal and physical custody to father.  The JDR court awarded visitation to mother every other week.  The order contained a vacation schedule, but the JDR court crossed out and deleted the visitation schedule relating to the child's birthday, Halloween, Thanksgiving, Christmas, New Year's Day, Mother's Day, Father's Day, July 4, Memorial Day, and Labor Day.  Both parents appealed the JDR court order to the trial court.

A hearing was held on February 22, 2012.  After hearing the evidence and argument, the trial court ordered sole legal and physical custody to father.  The trial court held that the current visitation schedule was not in the child's best interests during the school year, and awarded mother visitation every other weekend during the school year and alternating weeks during the summer.  The trial court also adopted a visitation schedule similar to the earlier version of the JDR court order of November 2, 2011 before significant portions of that order were crossed out and deleted by the JDR judge.

The trial court asked father's counsel to prepare the order.  When father submitted a proposed order, mother objected to some of the provisions in the proposed order.  The trial court then asked both parties to submit proposed orders and their objections to the other party's order.  After reviewing both parties' proposed orders and objections, the trial court prepared its own order and circulated it to counsel for endorsement.  The trial court entered the final order on May 30, 2012.

On June 13, 2012, mother filed a motion to reconsider and set aside. She did not request a hearing, and the trial court did not rule on the motion.[1]

## ANALYSIS

### *Assignments of error 1 and 4 - Visitation*

Mother argues that the trial court erred in not scheduling an evidentiary hearing on the issue of visitation and in ordering the visitation schedule as set out in the May 30, 2012 order.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "A trial court's determination with regard to visitation is reversible only upon a showing that the court abused its discretion." Stadter v. Siperko, 52 Va. App. 81, 88, 661 S.E.2d 494, 497 (2008) (citing M.E.D. v. J.P.M., 3 Va. App. 391, 398, 350 S.E.2d 215, 221 (1986)).

After the trial court issued its ruling from the bench, it asked father's counsel to submit a proposed order. Mother objected to father's proposed order and requested a hearing on visitation. Mother contends the trial court erred by not scheduling a separate hearing for the visitation matters.[2]

---

[1] The motion to reconsider addressed mother's concerns that father was not acting as the child's primary caregiver during the week, and she argued that she should be the child's primary caregiver. The record includes an email from the trial court judge to the clerk's office. The email indicates that the judge received the motion to reconsider, but he "was not going to take any action on it at this time" and was waiting for mother's counsel to schedule a hearing. Therefore, we conclude that the trial court was aware of the motion to reconsider for purposes of Rule 5A:18. See Brandon v. Cox, ___ Va. ___, 736 S.E.2d 695 (2012).

[2] For the first time on appeal, mother also contends the trial court violated her due process rights by not scheduling a separate visitation hearing. This argument was not listed as an assignment of error pursuant to Rule 5A:20(c), nor was it presented to the trial court. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Therefore, we will not consider it.

Mother appealed the JDR court order, and specifically stated that she was appealing the custody *and* visitation issues. The parties appeared before the trial court for approximately four hours to present their evidence and argument. Both parties discussed not only the custody situation, but also visitation issues. In fact, mother's counsel stated in her opening argument, "We'd also ask you to consider allowing the current visitation schedule to stay in place with some modifications, of course." In her closing argument, mother's counsel argued for the status quo with visitation every other week and a "shared holiday provision for all of the major holidays."

The parties placed the issues of custody and visitation before the trial court. The trial court heard sufficient evidence to make a decision regarding mother's visitation after determining that father would have sole legal and physical custody. There was no error in not scheduling another hearing for visitation.

Furthermore, the trial court did not err in awarding mother visitation every other weekend during the school year, alternating weeks in the summer, and shared holiday visitation. Mother contends the trial court erred in not awarding her additional visitation; however, mother presents no evidence to show that the trial court abused its discretion with its visitation award.

*Assignment of error 2 – Rule 5A:18*

Mother argues that the trial court erred in adopting the JDR court order which contained the visitation provisions that were crossed out. Mother did not note this objection to the final order or in her motion to reconsider.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree, 26 Va. App. at 308, 494 S.E.2d at 488. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Accordingly, we will not consider this argument.

*Assignment of error 3 – Rule 5A:20*

Mother argues that the trial court erred in adopting the proposed order drafted by father's counsel, which contained visitation provisions not previously ordered by any court. Mother's briefs do not contain any principles of law or citations to legal authorities to develop her argument.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Mother has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that mother's failure to comply with Rule 5A:20(e) is significant, so we will not consider the third assignment of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Assignment of error 5 – Rule 5A:18*

Mother filed a motion to reconsider and set aside. The trial court received the motion, but was waiting for mother to schedule a hearing, which she did not. Mother now argues that the trial court erred by not ruling on her motion to reconsider and set aside.

"[T]here is no ruling for us to review" because appellant failed to request a hearing and obtain a ruling. Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993). Therefore, we will not consider this assignment of error.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.